UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

RAYMOND HALES,

    Plaintiff,               Case No. _____

vs.

SUN INDUSTRIES, LLC, and
TOBY BERTHELOT,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff RAYMOND HALES, for and in behalf of himself and other employees similarly situated, sues the Defendants SUN INDUSTRIES, LLC, a Louisiana limited liability company and its manager, TOBY BERTHELOT, and alleges:

## JURISDICTION AND VENUE

1. This is a collective action for unpaid minimum wages, overtime compensation and liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq., hereinafter referred to as "the FLSA" and for other relief under the laws of the state of Florida for breach of contract and unpaid wages.

2. Jurisidiction of this action is conferred upon the Court by §16(b) of the FLSA, 29 U.S.C. §16(b) and the Court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. §1367(a).

3. Venue lies in the Southern District of Florida, where Plaintiff resides and where the events or omissions giving rise to Plaintiff's claims occurred.

**PARTIES**

4. Defendant SUN INDUSTRIES, LLC is a limited liability company organized under the laws of the state of Louisiana, with its principal address at 6105 La . Highway  1 S, Brusly, LA 70719.

5. Since in or about February, 2021, at times prior thereto and continuing through the present, SUN INDUSTRIES, LLC was and is doing business in the state of Florida, as a subcontractor working on electrical lines and equipment for a contractor to Florida Power & Light.

6. Defendant TOBY BERTHELOT is an individual residing in West Baton Rouge Parish, Louisiana, and is *sui juris*.

7. At all times hereinafter mentioned, Defendant TOBY BERTHELOT was an owner and manager of Defendant SUN INDUSTRIES, LLC., who exercised operational control of the day-to-day business activities of SUN INDUSTRIES, LLC and acted in the interest of SUN INDUSTRIES, LLC in relation to its employees, including the Plaintiff.

8. Defendants SUN INDUSTRIES, LLC and TOBY BERTHELOT employed and were employers of the Plaintiff and of other similarly situated employees within the meaning of §§3(d) and 3(g) of the FLSA, 29 U.S.C. §§203(d) and (g).

9. Plaintiff RAYMOND HALES resides in  Broward County, Florida. From in or about February, 2021,  through April 23, 2021, Plaintiff worked for the Defendants as a foreman, at various locations in the state of Florida, where he worked and directed the

work of other employees in the installation of underground electrical cables and other electrical equipment in and around commercial buildings.

## FLSA ENTERPRISE COVERAGE

10. At all times referred to in this Complaint, SUN INDUSTRIES, LLC performed related activities through unified operation or common control for a common business purpose and therefore was and is an "enterprise" within the meaning of §3(r) of the FLSA [29 U.S.C. 203(r)].

11. At all such times, the said enterprise was and is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of §3(s)(1) of the FLSA [29 U.S.C. 203(s)(1)], in that it had, and now has, (a) employees working on instrumentalities of commerce and handling or otherwise working on goods and materials that have been moved in or produced for interstate commerce; and (b) upon information and belief, an annual gross volume of sales made or business done which was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

12. The Defendants employed the Plaintiff in commerce and in their enterprise engaged in commerce or in the production of goods for commerce and agreed to pay him an hourly wage. Plaintiff's employment with the Defendants was at all times subject to the minimum wage, overtime and recordkeeping provisions of the FLSA [29 U.S.C. 206, 207 and 211(c)].

## FACTS COMMON TO ALL COUNTS

13. Plaintiff began his employment with the Defendants in or about February, 2021, at which time the Defendants promised to pay the Plaintiff an hourly wage of $33.00 per hour for his work as an electrician and foreman.

14. Plaintiff performed his assigned work in an exemplary manner during February, March and April, 2021. His last day of work was April 23, 2021.

15. During his last work week, during the period from on or about Monday, April 19, 2021, through on or about Friday, April 23, 2021, the Plaintiff worked approximately fifty-four (54) hours for the Defendants for which he has not been paid.

16. As of the next regular payday and continuing through the present the Defendants have repeatedly and willfully refused to pay the Plaintiff, despite several requests.

17. Plaintiff is informed and believes that the Defendants have also failed and refused to pay the other members of his crew for the work they performed during the same work week, Monday, April 19, 2021, through on or about Friday, April 23, 2021, and that some or all of them would join this action if they are provided notice of their rights under the FLSA.

## COUNT I - UNPAID MINIMUM WAGES AND OVERTIME COMPENSATION

18. Plaintiff restates the allegations of paragraphs 1 through 17, above, as if they were fully set forth herein.

19. The Defendants have violated and are violating the minimum wage provisions of the FLSA by employing Plaintiff RAYMOND HALES, and other employees similarly situated, in commerce and in an enterprise engaged in commerce or in the

production of goods for commerce without paying them wages for all hours worked at a rate not less than the minimum hourly rate required by §6(a) of the FLSA, 29 U.S.C. 206(a).

20. The Defendants have violated and are violating the overtime provisions of the FLSA by employing Plaintiff RAYMOND HALES, and other employees similarly situated, in commerce and in an enterprise engaged in commerce or in the production of goods for commerce for a workweek longer than forty (40) hours without paying them for their overtime hours at a rate not less than one and one-half times the regular rate at which they were employed.

21. Defendants therefore are liable to Plaintiff, and to other employees who are and were, similarly situated, for unpaid minimum wages and overtime compensation in amounts to be determined by the Court and for additional equal amounts as liquidated damages, plus a reasonable attorney's fee and the costs of this action as provided in 29 U.S.C. §216 (b).

22. Under 29 U.S.C §216(b) the FLSA authorizes an action to recover this liability to be maintained by any one or more employees for and in behalf of himself and other employees similarly situated who consent in writing to become a party.

WHEREFORE, Plaintiff prays that the Court conditionally certify this cause as a collective action on behalf of all of the Defendants' present and former employees who worked with the Plaintiff during the period set forth above, authorize the Plaintiff to notify each such employee of the pendency of this action and establish procedures for them to opt in as additional parties Plaintiff if they wish to do so; that the Court enter judgment against the Defendants jointly and severally for the respective amounts of unpaid

minimum wages, overtime compensation and liquidated damages the Court finds are due the Plaintiff and those other employees and former employees similarly situated who shall, after proper notice, give their consent in writing to become a party Plaintiff in this action; and award them a reasonable attorney's fee and the costs of this action.

### **COUNT II - Breach of Contract/Unpaid Wages**

23. Plaintiff restates the allegations of paragraphs 1 through 17, above, as if fully set forth herein.

24. Plaintiff entered into an oral contract of employment with the Defendants to provide his services as an electrician and foreman to the Defendants for an hourly wage of $33.00 per hour plus one and one-half times this rate for hours exceeding forty (40) in a workweek. In the alternative, such a contract may be implied in fact.

25. Plaintiff performed all of the obligations on his part to be performed under this contract or such performance has been waived or excused by the Defendants.

26. Defendants breached the said employment contract by failing to pay the Plaintiff for the hours he worked in the performance of his contractual obligations during the period from Monday, April 19, 2021, through and including Friday, April 23, 2021.

27. Plaintiff expended time and monies in performing his contractual obligations and providing his services which services conferred a substantial benefit upon the Defendants.

28. Plaintiff has suffered lost wages and other damages as a direct and proximate result of Defendant's breach.

29. All conditions precedent to this cause of action have been met or have been waived by the Defendants.

30. Plaintiff has had to retain the services of the undersigned attorney to bring this action against the Defendants.

31. Section 448.08, Florida Statutes, authorizes the Court to award the prevailing party in an action for unpaid wages the costs of the action and a reasonable attorney's fee.

WHEREFORE, Plaintiff prays for judgment against Defendants for damages for breach of contract including, but not limited to, unpaid wages and for additional amounts to be awarded for other damages, prejudgment interest, costs and a reasonable attorney's fee.

## DEMAND FOR JURY TRIAL

Plaintiff RAYMOND HALES hereby demands trial by jury as to all issues so triable.

Respectfully submitted this 17th day of May, 2021.

> DONALD R. McCOY, P. A.
> 111 S.E. 12th Street
> Fort Lauderdale, Florida 33316
> Telephone: (954) 618-6575
> Facsimile:  (954) 618-6577
> E-mail:   mccoyesquire@me.com
>
> By_____/s/_____
>     Donald R. McCoy
>     Florida Bar No. 887862
>
>     Attorney for Plaintiff